IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MICHAEL F. JONES,<br>Defendant. | Case No. 18–CR–40077–JPG |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Michael F. Jones's Motion for Compassionate Release. (ECF No. 59). For the reasons below, the Court **DENIES** Jones's Motion.

## I.  PROCEDURAL & FACTUAL HISTORY

### A.  The Conviction

In 2018, a federal grand jury in this District indicted Jones with one count of conspiracy to distribute methamphetamine and four counts of distribution. (Indictment 1–3, ECF No. 1). He pleaded guilty four months later, (Plea Agreement 1, 11, ECF No. 24); and the Court sentenced him to a 262-month term of imprisonment, (Judgment 3, ECF No. 39). He is currently incarcerated at Federal Correctional Institution ("FCI") Pekin in Illinois. (Def.'s Mot. for Compassionate Release at 7).

### B.  The Presentence Investigation Report

Before sentencing, the Court considered the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office, which provided information about the nature and circumstances of the offense and Jones's background. (PSR 1, ECF No. 28).

According to the PSR, Jones first sold $50 worth of methamphetamine to a confidential source working for state law enforcement in 2018. (*Id.* at 4). Through a proffer statement, law-

enforcement officers learned that Jones sold one individual methamphetamine "on 20 or 30 occasions." (*Id.*). They then executed three more controlled-buys and arrested him. (*Id.*) A search of his home uncovered "two bags of suspected methamphetamine, an electronic weighing scale, a false compartment coke can, two spoons containing white residue, a glass smoking device with burnt residue, seven syringes and three bags of suspected cannabis." (*Id.* at 5). Jones eventually admitted that he "pooled his money with others and obtained ice from a source in Kentucky." (*Id.* at 6). The total relevant conduct was "349.29 grams of ice which is a conservative amount." (*Id.*).

Before committing these offenses, Jones pleaded guilty to at least 17 other crimes, including: a 2004 conviction for harassment when "he grabbed [a woman] by her hair, pulled her to the floor, and drug her through the house by her hair, throwing her out of the house"; a 2007 conviction for "theft by extortion"; a 2008 conviction for "trafficking in a controlled substance" (sentenced to 5 years' imprisonment); and a 2011 conviction for trafficking again (sentenced to 10 years' imprisonment). (*Id.* at 8–16).

### C. Jones's Motion for Compassionate Release

In 2020, Jones moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Def.'s Mot. for Compassionate Release at 1). He contends that serious medical conditions—severe asthma and acute chronic obstructive pulmonary disease—make him especially vulnerable to the COVID-19 virus. (*Id.* at 2).

The COVID-19 virus, of course, is now a global pandemic. At FCI Pekin, 99 inmates currently have COVID-19, 187 have recovered, and none have died. *Coronavirus*, Bureau of Prisons (last visited Dec. 3, 2020).[1] In brief, Jones argues that his increased risk of experiencing

---

[1] *Available at* https://www.bop.gov/coronavirus.

serious complications if he contracts COVID-19 is an *extraordinary and compelling reason* warranting his release. (Def.'s Mot. for Compassionate Release at 1).

## II.   LAW & ANALYSIS

The Court recognizes that compassionate release is appropriate for some defendants given the COVID-19 pandemic. Even so, the defendant bears the burden of showing *not only* that he faces an increased risk from the virus, *but also* that incarceration is no longer necessary to advance the purposes of punishment (i.e., justice, deterrence, incapacitation, and rehabilitation). Jones failed to meet that burden.

### A.  Legal Standard

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). Even then, however, the sentencing judge must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." *Id.* § 3582(c)(1)(A). The burden of proof rests on the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The § 3553(a) factors include:

(1)   the nature and circumstances of the offense and the history and characteristic of the defendant;

(2)   the need for the sentence imposed—

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for—

      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

      (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . .;

(5)    any pertinent policy statement—

      (A)    issued by the Sentencing Commission . . .; and

      (B)    that . . . is in effect on the date the defendant is sentenced[;]

(6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.' " *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). It is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence modification is, or is not, appropriate. *See Shannon*, 518 F.3d at 496.

### B. The § 3553(a) Factors Weigh Against Compassionate Release

The Court acknowledges the particular danger posed by the COVID-19 pandemic to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public-safety risk. And since March 2020, BOP has released over 8,000 inmates that it has identified as "suitable for home confinement." *Coronavirus*, BOP (last visited Dec. 3, 2020).[2] Although not bound by any BOP determination, the Court gives BOP some deference in this area "considering [its] statutory role, and its extensive professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597.

With that in mind, the § 3553(a) factors weigh against a sentence modification here. Jones pleaded guilty to a very serious drug offense. Despite his contention that the Court "gave [him] 262 months for $20.00 worth of meth 7 needles 2 pipes," the total relevant conduct likely exceeded 350 grams. (Def.'s Mot. for Compassionate Release at 1). Jones acknowledges that "meth is a powerful drug," yet still he knowingly spread it to others—it too is "killing people like the plague." (*Id.*). Worse, he has an extensive criminal history. Even given the COVID-19 pandemic and Jones's increased vulnerability to it, his incarceration remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and drug treatment, to protect the community, and to deter Jones and others from committing further crimes.

### III.     CONCLUSION

The Court **DENIES** Defendant Michael F. Jones's for Compassionate Release.

**IT IS SO ORDERED.**

**Dated: Thursday, December 3, 2020**

S/J. Phil Gilbert
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**

---

[2]     *Available at* https://www.bop.gov/coronavirus/.