IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-cr-40077-JPG-1 |
| MICHAEL F. JONES, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Michael F. Jones's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive. Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 66). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating no objection to counsel's withdrawal and agreeing that the defendant is not eligible for a reduction (Doc. 67). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to distribute 50 grams or more of actual methamphetamine and four counts of distribution of methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 349.29 grams of methamphetamine ice, *see* PSR ¶ 19, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32. However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1 his offense level was 37. That offense level was reduced by 3 points under

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2018 version.

U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes.   This established a total offense level of 34.

The defendant had accumulated 11 criminal history points, two of which were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points").   *See* PSR ¶ 62.   That would have resulted in a criminal history category of V had the Court not found him to be a career offender.   His career offender status established his criminal history category of VI.   *See* PSR ¶ 64.   This yielded a guideline sentencing range of 262 to 327 months in prison.   The Court imposed a sentence of 262 months on the conspiracy count and 240 months, the statutory maximum, on the distribution counts.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.   For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2]   Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.   This does not apply to the defendant because he was assessed criminal history points.

2

reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). It is true that Part A of Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 11 to 10, but he remains a career offender with a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b). Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 66). FPD Kim C. Freter is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   October 24, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**